In re Petition for DISCIPLINARY ACTION AGAINST Suzette E. JOHNSON, an Attorney at Law of the State of Minnesota.

No. C1–02–1103.

Supreme Court of Minnesota.

Nov. 4, 2002.

----

## ORDER

The Director of the Office of Lawyers Professional Responsibility has filed a petition for disciplinary action alleging that respondent Suzette E. Johnson committed professional misconduct warranting public discipline, namely, respondent failed to cooperate with the Director's investigation of a complaint filed against her and in verifying her compliance with a stipulated probation, respondent failed to timely complete a client's family law and bankruptcy matters, and misrepresented the status of the bankruptcy matter to the client in violation of Minn. R. Prof. Cond. 1.3, 1.4, 8.1(a)(3), and 8.4(c) and Rule 25, Rules on Lawyers Professional Responsibility (RLPR).

Respondent admits her conduct violated the Rules of Professional Conduct, waives her rights under Rule 14, RLPR, and has entered into a stipulation with the Director in which they jointly recommend that the appropriate discipline is a public reprimand, two years of supervised probation and payment of $900 in costs under Rule 24(a), RLPR. The parties also recommend that respondent's probation be subject to the following conditions:

a. Respondent shall cooperate fully with the Director's Office in its efforts to monitor compliance with this probation and promptly respond to the Director's correspondence by the due date. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct which may come to the Director's attention. Upon the Director's request, respondent shall provide authorizations for release of information and documentation to verify compliance with the terms of this probation.

b. Respondent shall abide by the Minnesota Rules of Professional Conduct.

c. Respondent shall be supervised by Bailey W. Blethen, who will monitor respondent's compliance with the terms of this probation. In the event that Mr. Blethen should become unable to serve as respondent's supervisor, respondent shall provide to the Director the names of four attorneys who have agreed to be nominated as respondent's supervisor

within two weeks of notice of Mr. Blethen's inability to continue to supervise respondent. If, after diligent effort, respondent is unable to locate a replacement supervisor acceptable to the Director, the Director will seek to appoint a supervisor. Until a supervisor has signed a consent to supervise, the respondent shall, on the first day of each month, provide the Director with an inventory of active client files described in paragraph d. below. Respondent shall make active client files available to the Director upon request.

d. Respondent shall cooperate fully with the supervisor in his efforts to monitor compliance with this probation. Respondent shall contact the supervisor and schedule a minimum of one in-person meeting per calendar quarter. Respondent shall submit to the supervisor an inventory of all active client files by the first day of each month during the probation. With respect to each active file, the inventory shall disclose the client name, type of representation, date opened, most recent activity, next anticipated action, and anticipated closing date. Respondent's supervisor shall file written reports with the Director at least quarterly, or at such more frequent intervals as may reasonably be requested by the Director.

e. Respondent shall initiate and maintain office procedures which ensure that there are prompt responses to correspondence, telephone calls, and other important communications from clients, courts and other persons interested in matters which respondent is handling, and which will ensure that respondent regularly reviews each and every file and completes legal matters on a timely basis.

f. Within thirty days from issuance of the court's order in this matter, respondent shall provide to the Director and to the probation supervisor a written plan outlining office procedures designed to ensure that respondent is in compliance with probation requirements. Respondent shall provide progress reports as requested.

g. Respondent shall initiate or continue current treatment by a licensed consulting psychologist or other mental health professional acceptable to the Director, and shall complete all therapy programs recommended by the therapist.

This court has independently reviewed the file and approves the jointly recommended disposition.

Based upon all the files, records and proceedings herein,

IT IS HEREBY ORDERED that respondent Suzette E. Johnson is publicly reprimanded and placed on supervised probation for two years subject to the agreed-upon conditions set out. Respondent shall pay $900 in costs under Rule 24(a), RLPR.

BY THE COURT:
PAUL H. ANDERSON
Associate Justice